**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joaquin PRADA, Defendant-Appellant.**

**No. 292, Docket 71–1528.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 8, 1971.

Decided Nov. 30, 1971.

Gino P. Negretti, Miami, Fla., for defendant-appellant.

M. Blane Michael, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, Robert G. Morvillo, Asst. U. S. Atty. of counsel), for plaintiff-appellee.

Before WATERMAN and SMITH, Circuit Judges, and ZAMPANO,* District Judge.

PER CURIAM:

Joaquin Prada appeals from a judgment of conviction on trial to the jury in the United States District Court for the Southern District of New York, Dudley B. Bonsal, Judge. Appellant, charged with five others[1] in a seven-count indictment with trafficking in narcotics, and with conspiring to do so,[2] in violation of 21 U.S.C. §§ 173 and 174, and 26 U.S.C. §§ 4705(a) and 7237(b), was convicted on the first three counts, to wit: (1) possession of approximately one-half gram of heroin on March 12, 1970; (2) giving one gram of cocaine on the same day to one Angioletti, a federal narcotics agent; and (3) selling and facilitating, together with others, the sale of approximately one kilogram of heroin on March 13, 1970. Appellant was sentenced to seven years imprisonment on each count, to run concurrently, and is presently enlarged on bail. We find no error and affirm the judgment.

The government's case, disputed only on the ground of mistaken identity, de-

---

* United States District Judge for the District of Connecticut, sitting by designation.

1. Two of appellant's co-defendants pled guilty to various counts before trial, one

was severed on the government's motion and pled guilty during trial, and two are fugitives.

2. The court dismissed the conspiracy count before the case went to the jury.

tailed a series of three incidents involving narcotics on March 12 and 13, 1970. On the afternoon of March 12, Agent Angioletti drove to the Washington Heights area of Manhattan to obtain a cocaine sample, was met there by an informer, and introduced to appellant and a co-defendant. The informer departed after completing the introduction, and witnessed none of the subsequent events. Agent Angioletti followed appellant by car to a local service station owned by appellant. Unable at that time to obtain cocaine, appellant removed a bag of heroin from a pipe in his garage and gave it to a co-defendant, who, in turn, gave a small sample to the agent. That evening Agent Angioletti returned to the garage where appellant gave him a small bag of cocaine. A second narcotics agent maintained surveillance over all the foregoing activities. The following evening Agent Angioletti returned to the garage, and, while a third narcotics agent remained outside in the car, negotiated directly with appellant a $25,000 heroin purchase. The two agents came back later that night to consummate the purchase with appellant's co-defendants, appellant being present in the garage but in another room at the time.[3]

Appellant's only substantial claims on this appeal center on the same facts which underlay his defense of mistaken identification at trial. In reports filed by the federal agents during the period they dealt with and observed appellant, he was described as a 160-pound male with brown hair about 35–40 years old; in fact, appellant was at his trial 24 years old, had black hair and weighed 140 pounds.

■ There was ample evidence, however, to support the jury's apparent rejection of appellant's mistaken identity defense. The force of the alleged difference in hair color was weakened by appellant's admission that he had shaved his head after his arrest, and by the introduction in evidence of a color photograph of appellant from which the jury might have found he had brown hair. The 20-pound discrepancy in weight may be explicable by the year which elapsed between the narcotics sale and the trial. The error in estimating appellant's age, while surprisingly large, was apparently overcome by the testimony of three federal agents, all of whom had numerous opportunities to observe appellant, and all of whom identified him at trial.

■ Appellant places his main reliance on the contention that the government should have produced the informer as the only witness who could have impugned his identification at trial by the federal agents. Assuming, arguendo, that the demand for production of the informer was sufficiently pressed on the court below, cf. United States v. Coke, 339 F.2d 183, 184 (2d Cir. 1964), the fallacy of appellant's argument to this court is most forcefully demonstrated by examination of the cases he cites in its support. All of them are taken from Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and, like Roviaro, all involve the refusal of the government to disclose the identity of an informer, not the refusal to produce him.[4] Appellant concedes he knew

3. Appellant's absence from the room where the heroin sale was finally effected will not, as he supposes, enable him to escape criminal liability for the transaction. In United States v. Morris, 269 F.2d 100, 102 (2d Cir.), cert. denied, 361 U.S. 885, 80 S.Ct. 159, 4 L.Ed.2d 122 (1959), this court sustained a conviction for the sale of heroin when there was evidence that the defendant had "arranged and directed" the sale even though he "did not personally take payment from or personally deliver narcotics to the agent." Moreover, appel-lant was charged not only with the sale of heroin, but with facilitating its sale. Having produced two narcotics samples and negotiated the major sale, the jury could reasonably have found that he facilitated that sale.

4. The same defect extends to appellant's claim that the government was required to produce the informer as a material witness to a series of events he never saw. The informer disappeared from this drama after making the introductions.

the informer's identity and failed to subpoena him. The government's obligation did not extend to production of the informer at trial, even on appellant's demand. United States v. D'Angiolillo, 340 F.2d 453, 455–456 (2d Cir.), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965).

Affirmed.